AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>Darren McGhee,<br><br>Defendant | FILED<br>CLERK, U.S. DISTRICT COURT<br><br>DEC − 4 2019<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY            DEPUTY<br><br>Case No.   19 ∪ 05122 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of November 27, 2019 in the county of Los Angeles in the Central District of California,

the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Controlled Substances |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
/s/
*Complainant's signature*

NORMAN TOBIAS, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  12.4.1

City and state:  Los Angeles, California

MARIA A. AUDERO

_____
*Judge's signature*

Hon. Maria A. Audero, U.S. Magistrate Judge
*Printed name and title*

LODGED

AUSA: Douglas D. Hansen

## AFFIDAVIT

I, Norman Tobias, being duly sworn, declare and state as follows:

### I.    PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a complaint and an arrest warrant for DARREN FITZGERALD MCGHEE ("MCGHEE") for a violation of Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute Controlled Substances).

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II.   BACKGROUND OF SPECIAL AGENT NORMAN TOBIAS

3.    I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA") and have been so employed since 1996.  I am currently assigned to the DEA Narcotics Task Force at the Los Angeles International Airport ("LAXNTF"), which investigates criminal enterprises that use the aviation system to transport large amounts of illicit drugs throughout the United States and the world.  LAXNTF consists of law enforcement officers from the DEA, the Los Angeles World Airports Police Department ("LAXPD"),

1

the Los Angeles Police Department, and the Los Angeles County
Sheriff's Department.

4.    As a DEA SA, I have been involved in over 1,000 drug-
related investigations, including numerous investigations
involving drugs being trafficked through the aviation system.  In
these investigations, I have conducted hundreds of interviews of
informants, cooperating sources, and suspects, and I have
personally arrested more than 250 drug-related offenders.  Before
joining the DEA, I was a Border Patrol Agent for the United States
Border Patrol from August 1994 until July 1996.

5.    Based on my training and experience and familiarity with
investigations into drug trafficking conducted by other law
enforcement agents, I know that Los Angeles is a major hub for
drug distribution.  Partly because of the close proximity of Los
Angeles to the Mexican border, prices of drugs are generally lower
here than prices on the East Coast or Midwest.  Drugs enter Los
Angeles from across the Mexican border or overseas from Asia and
are then distributed across the country.  LAX is commonly used to
facilitate drug transportation for drug trafficking organizations,
who send their couriers through LAX with drugs in their luggage.
Numerous drug arrests are made at LAX every year, with couriers
transporting drugs in checked bags.

### III.  SUMMARY OF PROBABLE CAUSE

6.    During the late evening of November 27, 2019,
Transportation Security Administration ("TSA") officers at LAX
found six kilogram-sized bricks of what later field-tested

2

positive for 7.18 kilograms of cocaine in heavily taped packages inside MCGHEE's checked suitcase.  During the early morning of November 28, 2019, MCGHEE boarded United Airlines ("UA") flight #1165, which was traveling from LAX to Newark Liberty International Airport ("EWR") in Newark, New Jersey.  When UA1165 arrived in Newark, personnel from the Port Authority of New York & New Jersey Police Department made contact with MCGHEE.  Upon request, MCGHEE provided his New Jersey driver's license, which he used to identify himself at LAX.  MCGHEE also stated he had checked in one bag on this flight and that he had packed it himself.  Although law enforcement seized MCGHEE's bag and the cocaine, MCGHEE was not taken into custody and was allowed to continue with his travel.

## IV. STATEMENT OF PROBABLE CAUSE

7.    Based on my review of law enforcement reports, as well as my own observations and knowledge of the investigation, I am aware of the following:

**A.    TSA Agents Discovered Drugs in MCGHEE's Checked Bag**

8.    According to the LAXPD report, on or about the late evening of November 27, 2019, TSA Officer Ricardo Lopez was assigned to conduct security screenings of checked luggage in the LAX Terminal 7 baggage screening room.  A screening machine identified a suspicious bulk mass inside a checked suitcase and alerted TSA Officer Lopez.

9.    TSA Officer Lopez removed the suitcase from the screening machine and opened the suitcase to search for any

3

birth on the reservation before allowing that passenger to check a bag or suitcase.  That passenger's name (and not someone else's) is then printed on the tag, which is then immediately affixed to the bag or suitcase.  UA then typically takes custody of the bags or suitcases from the passenger, thus making it highly unlikely that someone else removed the tag from the checked suitcase and placed it on a different suitcase.  This leads me to believe that MCGHEE personally checked his black Samsonite suitcase with a UA representative upon arriving at the airport.

**B.    The Kilogram-sized Bricks in MCGHEE's Suitcase Tested Positive for Cocaine Hydrochloride**

12.    TFO Coronado and I arrived on scene at approximately 1:20 a.m. and secured MCGHEE's suitcase and its contents.  TFO Coronado and I then transported the suitcase and suspected narcotics to the DEA LAXNTF office, where we began processing them as evidence.  I donned my personal protection equipment and began testing each package with a TruNarc Raman spectrometer used for the rapid identification of suspected narcotics.  All six packages tested positive for Cocaine Hydrochloride, with a gross weight of 7.18 kilograms.

**C.    MCGHEE Contacted at Newark Liberty International Airport**

13.    When UA1165 landed at EWR, personnel from the Port Authority of New York & New Jersey Police Department made contact with MCGHEE.  Upon request, MCGHEE provided his New Jersey driver's license, which he used to identify himself at LAX. MCGHEE stated he had checked in one bag on this flight and that he

had packed it himself.  MCGHEE was not taken into custody and was allowed to continue with his travel.

## V.   CONCLUSION

14.   Based on the foregoing, there is probable cause to believe that MCGHEE violated Title 21, United States Code, Section 841(a)(1) (Possession with Intent to Distribute Controlled Substances).

_____ /s/ _____
NORMAN TOBIAS
DEA Special Agent

Subscribed to and sworn before me
this **4-ıvı** day of December, 2019.
**MARIA A. AUDERO**
_____
HON. MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE