CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ELENA SADOWSKY (Bar No. 302053)
(E-Mail: Elena_Sadowsky@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
DARREN FITZGERALD MCGHEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-787-CJC |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE TRIAL** |
| v. | |
| DARREN FITZGERALD MCGHEE, | |
| Defendant. | |

Defendant Darren Fitzgerald McGhee, by and through his counsel of record, Deputy Federal Public Defender Elena Sadowsky, hereby files this opposition to the government's motion to continue trial and for speedy trial act findings of excludable delay (Dkt. No. 51).

//
//
//
//
//

i

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and any evidence or argument introduced at a hearing on this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 7, 2021       By  /s/ Elena Sadowsky
ELENA SADOWSKY
Deputy Federal Public Defender
Attorney for Darren Fitzgerald McGhee

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. McGhee objects to a further continuance of his trial for the reasons stated in his previous opposition to the government's *ex parte* application to continue trial (Dkt. 42), which he incorporates by reference here. That a jury trial may be possible on May 10, 2021--after the speedy trial clock expiration in this case and 14 months after the pandemic began--does not justify an ends of justice continuance. Jury trials are possible now and they have been for many months as demonstrated by the Orange County Superior Court.

Nothing in life is risk-free. That's particularly true during a pandemic. Still, over the last year, many people have continued showing up to their in-person jobs in order to keep society running. Grocery store employees, mechanics, police, construction workers, nurses, firefighters, preachers, servers, drivers, child carers, barbers, baristas, cooks. They've done that because, despite the risks, certain things are essential and have to be done.

Until March 2020, most people would have thought that criminal jury trials – won through a revolutionary war and enshrined in the Sixth Amendment – fit that basic description. As John Adams wrote, "representative government and trial by jury are the heart and lungs of liberty. Without them we have no fortification against being ridden like horses, fleeced like sheep, worked like cattle, and fed and clothed like swine and hogs."

Yet a majority of judges in the Central District have expressed a different view. Implicitly concluding that criminal trials are not that important, the Court has placed them on par with nonessential businesses, issuing one-line statements vaguely suggesting that the Court will resume trying cases once a majority of the District Judges deem it safe.[1] As a result, despite having more than 12 months to adapt, the largest

---

[1] The state health orders to which the Central District of California purports to be deferring explicitly carve out courts – not because there is no risk of infection in the courthouse, but in recognition that risks and benefits and values must all be balanced. That's why state courts, to which the orders directly apply, have continued trying cases.

1

federal judicial district in the country has gone an entire year without convening – or even attempting to convene – a single criminal jury trial.

While the judges favoring a trial suspension undoubtedly think that they are doing right by playing it exceedingly safe, "[e]xperience should teach us to be most on our guard to protect liberty when the government's purposes are beneficent," as the "greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning but without understanding." *Olmstead v. United States*, 277 U.S. 438, 479 (1928) (Brandeis, J., dissenting).

Mr. McGhee does not suggest that trying cases during a pandemic is an entirely-risk-free proposition. But then, neither is working at a grocery store, or stocking shelves at Amazon, or policing the streets. The risks of trying cases are real, but are also manageable and worth taking. Infection rates are low, mitigation measures are possible, and vaccines are being administered apace.[2] As the Supreme Court has warned with increasing frequency: "even in a pandemic, the Constitution cannot be put away and forgotten[.]" *Roman Catholic Diocese of Brooklyn v. Cuomo*, ___U.S.___, 141 S. Ct. 63, 68 (2020).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 7, 2021     By  /s/ Elena Sadowsky
ELENA SADOWSKY
Deputy Federal Public Defender
Attorney for Darren Fitzgerald McGhee

---

[2] 527,428 people in Orange County have been fully vaccinated as of March 29, 2021. *See* https://occovid19.ochealthinfo.com/vaccines-administered-oc

2