**FILED**
CLERK, U.S. DISTRICT COURT

4/9/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARREN FITZGERALD MCGHEE,<br><br>Defendant. | Case No.: CR 19-00787-CJC<br><br>ORDER GRANTING GOVERNMENT'S MOTION TO CONTINUE TRIAL FROM APRIL 6, 2021 TO MAY 10, 2021 [Dkt. 51] |

I.   **INTRODUCTION & BACKGROUND**

For nearly a year, the Central District of California indefinitely suspended jury trials due to the coronavirus pandemic.[1] This Court vehemently opposed the Central District's indefinite suspension, believing it was unconstitutional and in violation of the

---

[1] *See, e.g.*, C.D. Cal. Order of the Chief Judge 20-042, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan (Mar. 19, 2020); C.D. Cal. General Order No. 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (May 28, 2020) (explaining that jury trials will resume "at a date to be determined"); C.D. Cal. General Order No. 20-09, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (Aug. 6, 2020) ("Until further notice, no jury trials will be conducted in criminal cases.").

Speedy Trial Act. Indeed, because the indefinite suspension prevented the government from timely bringing cases to trial and effectuating defendants' constitutional right to a speedy and public trial, the Court dismissed with prejudice the indictments against 5 defendants who were unwilling to agree to a continuance and waive time under the Speedy Trial Act.[2]

Defendant Darren Fitzgerald McGhee was one of many defendants before this Court who challenged the Central District's indefinite suspension of jury trials. In this case, he is charged with one count of possession with intent to distribute over 6 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). (Dkt. 4 [Indictment].) Trial was originally set for April 21, 2020 (Dkt. 16), but was continued by the parties several times to later dates. First, the parties stipulated to continue the trial to July 6, 2020, (Dkts. 18, 19), then to August 11, 2020, (Dkts. 19, 21), and then to February 16, 2021, (Dkts. 25, 26). Then, the Court was informed that Mr. McGhee wished to go forward with his February 16, 2021 trial, and that he was unwilling to agree to the exclusion of any further time under the Speedy Trial Act. Since jury trials in the Central District were still indefinitely suspended at that time, the Court *sua sponte* continued Mr. McGhee's trial to April 6, 2021—the Tuesday before the date the parties agreed was the last day to commence the trial under the Speedy Trial Act. (Dkt. 28.) On February 24, 2021, the Court denied the government's *ex parte* application to continue the trial, explaining that the Central District's indefinite suspension of jury trials was unconstitutional and that continuing Mr. McGhee's trial based on that indefinite suspension would violate his constitutional rights. (Dkt. 43.)

---

[2] *United States v. Olsen*, 2020 WL 6145206 (C.D. Cal. Oct. 14, 2020); *United States v. Henning*, 2021 WL 222355 (C.D. Cal. Jan. 19, 2021); *United States v. Steven Nicholson*, Case No. 2:16-cr-00470-CJC-1, Dkt. 165 (C.D. Cal. Jan. 20, 2021); *United States v. Ronald Bernard Ware*, Case No. 8:20-cr-00110-CJC, Dkt. 48 (C.D. Cal. Jan. 21, 2021; *United States v. Jose Reyes*, Case No. 2:19-cr-00740-CJC, Dkt. 54 (C.D. Cal. Feb. 23, 2021).

But on March 19, 2021, circumstances dramatically changed. The Central District announced that "[a]lthough jury trials remain suspended at the current time, the Court will gradually begin issuing jury summonses given the process for issuing jury summonses must begin seven weeks before jury trials can commence." C.D. Cal., Notice from the Clerk re: Phased Reopening of the Court (Mar. 19, 2021). Specifically, the Central District's announcement stated jury summonses would be issued for the Southern Division beginning March 22, 2021.

The Chief Judge of the Central District has explained that it takes 7 weeks to complete the process required to summon jurors. Daily Journal, *Central District could soon begin calling jurors in Orange County* (Sept. 23, 2020), *available at* https://www.dailyjournal.com/articles/359682-cental-district-could-soon-begin-calling-jurors-in-orange-county. This process includes summoning a large number of people, and then processing them to ensure sufficient numbers report for duty. Ensuring sufficient numbers is especially difficult at this time given the large number of people looking for work and suffering other difficulties due to the pandemic.

Absent any unforeseen event or order from the Central District, then, jury trials will resume in the federal courthouse in Santa Ana on May 10, 2021. In the meantime, courts in the Central District are implementing extensive safety measures that will be in place when trials begin. These measures include installing plexiglass throughout courtrooms, rearranging courtroom furniture to facilitate social distancing, and implementing policies regarding facial coverings, regular sanitization, and enhanced cleaning.

In light of the fact that the Central District has now decided to lift the indefinite suspension of jury trials, the government filed this second motion to continue Mr. McGhee's trial. The government seeks a continuance of the trial to May 10, 2021—one

month after the current Speedy Trial Act deadline, and the first date on which jury trials will be held in Santa Ana after a nearly 14-month suspension. Mr. McGhee opposes the government's motion, remaining insistent that his trial proceed on April 6, 2021, even though the Court will not have jurors for a trial on that date, but will be able to hold the trial just a few weeks later.

## II.   LEGAL STANDARD

Congress enacted the Speedy Trial Act in 1974 in order to make effective the Sixth Amendment's guarantee of a speedy trial. Pub. L. No. 93-619; *see Furlow v. United States*, 644 F.2d 764, 798–69 (9th Cir. 1981) (describing the Speedy Trial Act as the Sixth Amendment's "implementation"). The Act requires that a defendant's trial begin within 70 days of the filing of the indictment or the defendant's initial court appearance, whichever is later. 18 U.S.C. § 3161(c)(1).

"The Act recognizes, however, that legitimate needs of the government and of a criminal defendant may cause permissible delays." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004). Accordingly, the Act provides that certain periods of time may be excluded from the 70-day deadline. For example, a court may exclude periods of delay resulting from competency examinations, interlocutory appeals, the unavailability of essential witnesses, and delays to which the defendant agrees. 18 U.S.C. § 3162(h)(1)–(6). The Act also allows time to be excluded when a judge finds that the "ends of justice" served by continuing the trial "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3162(h)(7)(A).

To ensure that broad discretion does not undermine the Act's important purpose, Congress enumerated certain factors that courts must consider, "among others," in determining whether to grant an "ends of justice" continuance. 18 U.S.C.

§ 3161(h)(7)(B). Those factors are: (i) whether not granting a continuance would likely make a continuation of such proceeding impossible, or result in a miscarriage of justice, (ii) whether the case is so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings or trial within the established time limits, and (iii) whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the specified period, or because the facts upon which the grand jury must base its determination are unusual or complex, and (iv) whether not granting a continuance in a case that is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny either side continuity of counsel, or would deny counsel for either side the reasonable time necessary for effective preparation. *Id.*

### III.   ANALYSIS

The government argues that time until May 10, 2021 is excludable in this case under the Speedy Trial Act's ends of justice exception. The Court therefore considers the statutory factors, among others. 18 U.S.C. § 3161(h)(7)(B). Factors (ii), (iii), and (iv) do not apply in this case—neither party contends that this case is so unusual or complex as to require a continuance, and there are no issues related to delay in filing the indictment, obtaining counsel, continuity of counsel, or effective preparation for trial. The most important statutory factor is therefore whether failing to grant a one-month continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. The Court concludes that it would. *See, e.g., United States v. Smith*, 460 F. Supp. 3d 981, 986 (E.D. Cal. 2020); *United States v. Juan*, 2021 WL 168278, at *3 (E.D. Cal. Jan. 19, 2021); *United States v. Fry*, 2021 WL 304558, at *4 (D. Or. Jan. 29, 2021). The charges against Mr. McGhee—possession with intent to distribute over 6 kilograms

of cocaine—are very serious. And failing to grant a continuance would mean that the charges against Mr. McGhee must be dismissed, rather than decided by a jury.

Moreover, the circumstances have changed considerably since the government's last request for a continuance. For over a year, the Court was unable to conduct any jury trial because the Central District indefinitely suspended jury trials due to the coronavirus pandemic. During that time, there was no end to the indefinite suspension in sight. (*See* Dkt. 43); *see, e.g.*, *Olsen*, 2020 WL 6145206, at **4–7; *Henning*, 2021 WL 222355, at **6–11. However, the Central District has now lifted that indefinite suspension and issued jury summonses so jury trials can resume on May 10, 2021—just one month after the current date before which Mr. McGhee must be tried under the Speedy Trial Act. The government's requested continuance is only for a specific and limited time period. *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000) (explaining that "an ends of justice exclusion must be specifically limited in time") (internal quotation omitted); *see Furlow*, 644 F.2d at 769 (noting that *sine die* continuances are unacceptable). And importantly, it is needed to summon jurors and to put into place the measures necessary to conduct a jury trial safely.

Finally, Mr. McGhee is on bond, not in custody. *See Juan*, 2021 WL 168278, at *4 ("[T]he fact that Defendant is out of custody weighs in favor of granting an exclusion of time."); *Smith*, 460 F. Supp. 3d at 987; *United States v. Hernandez*, 2021 WL 527379, at *4 (D. Ariz. Feb. 12, 2021). The short continuance does not create any undue prejudice to Mr. McGhee, nor does it compromise his constitutional right to a public and speedy trial.

//
//
//

## IV. CONCLUSION

For the foregoing reasons, the government's motion to continue Mr. McGhee's trial to May 10, 2021 is **GRANTED**. The Court finds that the time period from March 31, 2021—the date on which the government filed its motion to continue—through May 10, 2021—the date jury trials will resume in the Central District—is excludable.

DATED: April 9, 2021

_____
HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

Cc: USP&PSO